UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NORTHERN INDIANA PUBLIC
SERVICE COMPANY LLC,

   Plaintiff,

   v.

THE ENERGY GROUP INC, et al.,

   Defendants.

Case No. 2:24-CV-00229-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. [DE 10]. For the following reasons, the Court GRANTS Plaintiff's motion.

### Factual Background and Procedural History

This dispute arises from another state court's lawsuit filed by Nancy H. Vaidik and James S. Stankiewicz on March 7, 2022. [DE 4, ¶ 4]. Mrs. Vaidik was injured by a tree limb that was overhanging a road right-of-way belonging to Plaintiff Northern Indiana Public Service Company LLC ("NIPSCO"). [*Id.* at ¶ 9]. This action is brought by NIPSCO and alleges that Defendants refused to defend or indemnify NIPSCO during Mrs. Vaidik's lawsuit.

NIPSCO is a limited liability company that distributes gas and electricity to the northern region of Indiana. [*Id.* at ¶ 2]. [*Id.*]. Defendant The Energy Group Inc. ("Energy Group") provided vegetation management services to NIPSCO, including in the area where Mrs. Vaidik was injured. [*Id.* at ¶ 13]. Energy Group is a Michigan corporation with its principal place of business in Michigan. [*Id.* at ¶ 3]. Both Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Defendant Merchants Mutual Insurance Company ("Merchants") provided insurance coverage to Energy Group. [*Id.* at ¶¶ 18, 34]. National Union

is a Pennsylvania corporation with its principal place of business in New York. [*Id.* at ¶ 4]. Merchants is a Delaware corporation with its principal place of business in New York. [*Id.* at ¶ 5].

Plaintiff brought this action on June 5, 2024, in state court. [DE 4]. Defendant Merchants filed a Notice of Removal on July 2, 2024. [DE 1]. Plaintiff filed the instant Motion to Remand on July 31, 2024, arguing that the parties lacked complete diversity and that not all Defendants consented to removal. [DE 10]. The Court now considers the merits of Plaintiff's motion.

## Legal Standard

### A. Substantive Requirements of Removal

Section 1441 of Title 28 authorizes a defendant to remove "any civil action brought in a State court of which the [federal] district courts . . . have original jurisdiction." 28 U.S.C.A. § 1441(a) (West). The original jurisdiction of federal district courts includes diversity cases, which are those "between citizens of different states" where "the matter in controversy exceeds $75,000, exclusive of interests and costs." 28 U.S.C.A. § 1332(a)(1) (West). A defendant removing a case to federal court bears the burden of showing that removal is proper. *Tedesco v. State Farm Fire and Casualty Company*, 599 F.Supp.3d 750, 755 (N.D. Ind. 2022) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)).

### B. Procedural Requirements of Removal

"The substantive jurisdictional requirements for removal are not the only hurdles that a removing defendant must clear to avoid a remand back to state court." *Tedesco*, 599 F.Supp.3d at 756. There are also procedural requirements, namely, for timeliness and consent. 28 U.S.C.A. §§ 1446(a)–(b) (West). To satisfy the timeliness requirement, "the notice of removal . . . shall be filed within 30 days" after the defendant received service of the state court complaint. §§

1446(b)(1)–(3). And to satisfy the consent requirement, "all defendants who have been properly joined and served must . . . consent to the removal of the action." § 1446(b)(2)(A).

## Discussion

### A. Diversity Jurisdiction

Plaintiff argues that the instant case should be remanded because complete diversity does not exist. [DE 10, page 5]. "Complete diversity exists only if none of the defendants has the same citizenship as any plaintiff." *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023). Where a party is an unincorporated entity, the citizenship is determined by that of each of its members, "traced through as many levels as necessary until reaching a natural person or a corporation." *Id.*

To support its motion to remand, and its contention that complete diversity does not exist, Plaintiff offered an affidavit that partially outlines its corporate hierarchy. [DE 10-1]. The affiant first identifies Plaintiff NIPSCO as a limited liability company. [*Id.* at ¶ 3]. In the second tier of the hierarchy, the affiant identifies NIPSCO Holdings II LLC as the sole member of Plaintiff's limited liability company. [*Id.* at ¶¶ 4–5]. In the third tier, NIPSCO Holdings II's only members are NIPSCO Holdings I LLC, BIP Blue Buyer LLC, and BIP Blue Buyer VCOC LLC—all limited liability companies. [*Id.* at ¶ 6]. In the fourth tier and on, the affiant omits the identity of potentially several members. [*Id.* at ¶¶ 7–10]. Regarding NIPSCO Holdings I LLC, the affiant asserts it is a "wholly-owned subsidiary with its ultimate parent being NiSource Inc." [*Id.* at ¶ 8]. Regarding BIP Blue Buyer LLC and BIP Blue Buyer VCOC LLC, the affiant asserts both limited liability companies "have members that are a series of limited liability companies and limited partnerships, whose ultimate parent company is Blackstone Inc." [*Id.* at ¶ 10].

The issue before the Court is whether the omissions in Plaintiff's corporate hierarchy are fatal to Plaintiff's argument against the existence of complete diversity. Plaintiff argues that diversity breaks down because two Defendants have citizenship in New York: National Union and Merchants; and two of Plaintiff's members have citizenship in New York: BIP Blue Buyer LLC and BIP Blue Buyer VCOC LLC. [DE 10, page 5]. However, as previously noted, Plaintiff does not identify any of the members of either of these limited liability companies. *See* [DE 10-1]. Instead, Plaintiff deduced that both limited liability companies are citizens of New York because "their parent company is Blackstone, Inc., which has its principal place of business in New York." [*Id.*]. Defendant argues that "Plaintiff's parent corporation or the parent corporations of its members are irrelevant to the determination of whether complete diversity exists in this action." [DE 16, page 4]. The Court agrees.

Plaintiff improperly imputes the citizenship of Blackstone Inc. to the citizenship of BIP Blue Buyer LLC and BIP Blue Buyer VCOC LLC and, thereby, to Plaintiff's citizenship too. Plaintiff only identifies Blackstone Inc. as an "ultimate parent company" and not as a member of one of "a series of limited liability companies and limited partnerships" that might be traced from Plaintiff's limited liability company. [DE 10-1, ¶ 10]. Even in its Reply, Plaintiff only argues that Blackstone Inc. has a "*clear affiliation* with BIP Blue Buyer LLC and BIP Blue Buyer VCOC LLC . . . ." [DE 18, page 2] (emphasis added). However, the citizenship of a limited liability company is not determined by its "ultimate parent company" or by companies with which it has a "clear affiliation." Instead, the Seventh Circuit prescribes that "a limited liability company . . . is a citizen of every state of which any member is a citizen . . . traced through multiple levels if any of its members is itself a partnership or LLC." *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Plaintiff

4

did not trace through the levels of its corporate hierarchy to identify the citizenship of its members or show its connection to Blackstone Inc. Plaintiff's failure to demonstrate that Blackstone Inc. is a member of Plaintiff's limited liability company, or of one of its member limited liability companies, is fatal to Plaintiff's argument that it has citizenship in New York. Therefore, Plaintiff has not shown that complete diversity is defeated.

### B. Notice of Removal

Plaintiff also argues, however, that remand is appropriate because Defendant Merchants's Notice of Removal was defective. [DE 10, page 6]. Specifically, Plaintiff notes that Defendant National Union did not consent to removal at the time of filing of the Notice of Removal. [DE 10, page 6]; *see* [DE 1, ¶ 22]. Instead, the Notice of Removal states that Defendant Merchants "anticipate[d] that National Union [would] consent to removal." [*Id.*]. While Defendant National Union eventually filed a "Confirmation of Consent to Removal" with the Court, this subsequent document was filed outside the statutory 30-day window for removal. [DE 15]; *see* § 1446(b). Defendants seemingly acknowledge the apparent deficiencies in the Notice of Removal but argue that Defendant National Union's consent did not need to be provided to the Court in writing nor be filed within the statutory 30-day window for removal. [DE 16, page 5] ("[T]he statute itself does not describe the form or time frame for consent when multiple defendants are involved."). Defendants rely on its independent interpretation of § 1446(b) and Eight Circuit case law, but they concede that case law from the Seventh Circuit generally does not support their position. [*Id.*].

In multiple defendant actions, Section 1446 requires that "all defendants . . . must join in or consent to the removal of the action." § 1446(b)(2)(A). To consent to removal, the Seventh Circuit requires each served defendant to "join" the notice of removal in writing by signing it.

5

*Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("[A]ll served defendants still have to support the petition in writing, i.e., sign it."). Since Section 1446 requires the notice of removal to be filed within 30 days, it logically follows that each served defendant must also file its written consent to removal within the same time frame. § 1446(b)(2)(B); *see Gossmeyer*, 128 F.3d at 489 ("A petition for removal is deficient if not all defendants join in it."). Contrary to Defendants' argument that there are no legal prescriptions for the form or time frame for consent in multiple defendant cases, Seventh Circuit precedent provides very clear guidance on the matter. [DE 16, page 5]; *Gossmeyer*, 128 F.3d 481; *see N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) ("[A]ll defendants must join in a removal petition in order to effect removal . . . . [A] petition filed by less than all of the named defendants is considered defective . . . ."); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("To 'join' a motion is to support it in writing . . . ."). Furthermore, our sister courts continue to routinely apply the same precedent. *See, e.g.*, *Jarvis v. Davis*, No. 16-CV-525, 2016 WL 6275600 (N.D. Ind. Oct. 27, 2016) (finding that the notice of removal was defective because not all the co-defendants had signed it); *Viking, Inc. v. NBD Int'l, Inc.*, No. 16-CV-25, 2016 WL 4698240 (N.D. Ind. Sept. 8, 2016) (same); *Boruff v. Transervice, Inc.*, No. 10-CV-00322, 2011 WL 1296675 (N.D. Ind. Mar. 30, 2011) (same).

Here, Defendant Merchants's Notice of Removal [DE 1] was defective because it was filed without the written consent of all Defendants, namely Defendant National Union. Moreover, any later consent provided by Defendant National Union was untimely. Defendant National Union only filed a "Confirmation of Consent to Removal" after the statutory 30-day window for removal had elapsed. [DE 15]. While the Seventh Circuit "permit[s] belated amendments to cure defective notices of removal in some circumstances," there are no such

circumstances in this case that would permit Defendants' apparent attempt to remedy the deficiency.[1] *Jarvis*, 2016 WL 6275600, at *3. Because the notice of removal was defective and was not cured in a timely manner, the Court concludes that remand is appropriate in this case.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Remand [DE 10] is GRANTED. This case is REMANDED to State Court.

SO ORDERED.

ENTERED: February 5, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[1] Instead of citing authority from the Seventh Circuit, Defendants cite *Griffioen v. Cedar Rapids & Iowa City Ry. Co.* from the Eight Circuit. [DE 16, page 5] (citing 785 F.3d 1182 (8th Cir. 2015)). While *Griffioen* applies a less stringent standard for the unanimity requirement for consent than the Seventh Circuit, the facts of that case are not helpful to Defendants. The *Griffioen* court found the defendant's removal notice valid, even though it was missing a co-defendant's written signature, because the notice was accompanied by an affidavit that indicated all the codefendants had consented, and this representation was signed and certified by the filer pursuant to Rule 11. In the instant case, however, Defendant Merchants's Notice made no such representation, and instead, admitted that Defendant National Union had yet to provide its consent. [DE 1, ¶ 22]. Moreover, it wasn't until July 8, 2024, that Defendant National Union informed Defendant Merchants, via e-mail, that it would consent to removal of the action. [DE 15-1]. By this date, the statutory 30-day window for removal had elapsed. So even applying the softer standard from *Griffioen*, the Court would still conclude that Defendant Merchants's Notice was defective, Defendant National Union did not consent within the required timeframe, and any attempts to cure the deficiency were untimely and improper.